(5 App. Div. 178.)

### In re LEWIS.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

WITNESS—TRANSACTION WITH DECEDENT.

Code Civ. Proc. § 829, making "a party or person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title," incompetent to testify to transactions with a decedent against an executor, does not apply to a witness who testified in behalf of an executor that certain money with which it was sought to charge the executor in accounting was received by the witness, during the lifetime of the testatrix, and, by agreement with her, was retained.

Appeal from surrogate's court, New York county.

Application by Frederick Lewis, executor of the estate of Hannah Lewis, deceased, for an accounting. From the decree, the executor appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Abram Kling, for appellant.

James E. Kelly, special guardian, for infant respondents.

Henry Smith, for respondent Waitzfelder.

INGRAHAM, J. We think the learned surrogate erred in refusing to allow David H. Lewis to testify as to his agreement with the testatrix, that the money that he had advanced to pay the premiums upon the policy of life insurance upon the life of Henry Lewis, her husband, should be repaid to him from the proceeds of the policies that he received after the death of Henry Lewis, and during the lifetime of the testatrix. And we think that upon proof that David H. Lewis had, with the assent of the testatrix, retained the amount of such premiums, such amount should have been allowed to the appellant. The objection to the testimony was under section 829 of the Code, which provides that:

"A party or person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator," etc.

It is quite clear that David H. Lewis did not come within this prohibition. He was not a party to this proceeding, and was not interested in the event thereof. No party to this action derived his interest or title by assignment or otherwise from him, nor was he examined in his own behalf or interest against "the executor, administrator, or survivor" of the testatrix. The surrogate charged the appellant with the two sums of money that he had received from the estate of the deceased. The executor then sought to prove that, before the death of his testatrix, David H. Lewis had received the proceeds of the policy of insurance upon the life of her husband, which was payable to her, and had with her consent deducted, from the amount due, certain payments that he had made for premiums during the life of her husband, which had kept the policy alive. We can see no reason why the appellant should be responsible for the amount thus deducted by David H. Lewis prior to the death of the testatrix, and which, with her consent, had been deducted from the amount paid under the policy. This is not a proceeding to recover that money from David H. Lewis. David H. Lewis is not a party to the proceeding, or interested in any way in this accounting; and it is clear that his testimony is neither within the letter nor the spirit of the prohibition contained in section 829 of the Code.

The will of the testatrix was not made a part of the record on this appeal; but the petition of the appellant for an accounting alleges that Minnie Waitzfelder, under the will, enjoys the use and

benefit of the personal property during her life, and upon her death, leaving issue, the income so paid to her during her life is to be applied to the maintenance and support of her issue, which consists of two children, until they become of age, when the property is to go to them, and who are parties to this proceeding. This appellant and his co-executor seem to have entirely overlooked this disposition of the property by the will, and simply appropriated it by some method of transferring it from one to the other for their own use. Not the slightest attempt has been made to protect the interest of the beneficiaries, and it is enough to say that, upon the evidence, it is clear that the appellant is responsible for this misappropriation of the trust funds, and that the surrogate was entirely right in charging him with the amount of them. Under the circumstances, we do not think the surrogate would have been justified in refusing to proceed on the ground that the co-executor was not a party to the proceeding. The appellant had commenced this proceeding for an accounting. He had not made his co-executor a party; and the application to bring in the co-executor was only made at the end of the proceeding on the last hearing before the surrogate.

There are objections to the testimony of Frederick Lewis, which were sustained under section 829 of the Code, as to payment made by him. We do not think that some of the rulings could be sustained as they appear in this record, but as there must be a new hearing before the surrogate, and as these questions may not then be presented, it is not necessary to refer specifically to them.

We think the decree must be reversed, and a new hearing directed, with costs of this appeal to be paid out of the estate in the hands of the appellant. All concur.